**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4488**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JERRY SCOTT HILL,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00080-FL-1)

─────────────

Submitted:  April 30, 2012              Decided:  May 4, 2012

─────────────

Before WILKINSON, KING, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Scott Hill was convicted by a jury of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and sentenced to 262 months' imprisonment. He noted a timely appeal, challenging the sufficiency of the evidence and the reasonableness of his sentence. For the reasons that follow, we affirm.

The evidence presented at Hill's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. On October 25, 2009, the Harnett County Sheriff's Office received a 911 "domestic disturbance" call from Denise Miller — Hill's live-in girlfriend. Miller claimed that Hill had barricaded himself inside the home he shared with her and would not let her in. Deputy Jose Peralta testified that, when he arrived at the home, he knocked on the front door and, after receiving no response, went around to the back door where, again, he received no response after knocking. Peralta called Miller and advised that no one appeared to be in the home and that she could return. Peralta also spoke with Hill on his cell phone, and was told by Hill that he was not in the home. Shortly thereafter, Miller arrived and asked Peralta to check the residence for her. Miller unlocked the back door for Peralta and Deputy Robbie Adams (who had arrived just after

2

Miller); the two deputies searched the home and, upon entering the living room, saw a shotgun in plain sight leaning against the wall next to the front door, as well as a green bag containing shotgun shells. A criminal history check revealed that Hill was a convicted felon.

Hill soon arrived, and, when asked about the shotgun, said, "It's not mine. It belongs to [Miller's] brother, and he let me borrowed [sic] it because I heard noises in the back of the property, and I got it for my protection." Adams testified that when he asked Hill why he had the shotgun, Hill replied, "You know, I'm paranoid. They're out to get me."

Miller testified that, although she told the 911 dispatcher that she thought Hill had her brother's shotgun in the house, she had never seen Hill in possession of the gun, nor had she seen it in her house prior to its discovery by the deputies. According to Miller, approximately two weeks after Hill's arrest, her son, Clay Baker, and her nephew, Brandon Miller, came to her and said that they — not Hill — had borrowed the shotgun from Miller's brother.

Miller's brother, Kent Miller, testified that Brandon and Clay had borrowed his shotgun some time before October 25, 2009, and that he had never loaned the gun to Hill. Both Brandon and Clay also testified that it was they, not Hill, who had borrowed the shotgun from Kent Miller. At the conclusion of

3

the Government's evidence, Hill moved for a judgment of acquittal, Fed. R. Crim. P. 29, on the basis of insufficient evidence; the motion was denied. The jury found Hill guilty as to Count Three of the indictment (which charged him with possessing a firearm on October 25, 2009); he was acquitted as to Count One (charging him with possessing a different firearm on a prior occasion).

The presentence report ("PSR") assigned Hill a base offense level of 22, U.S. Sentencing Guidelines Manual (USSG), § 2K2.1(a)(3) (2010), and a four-level increase because he possessed the firearm in connection with the commission of another offense, USSG § 2K2.1(b)(6) — based on conduct of which Hill was acquitted — or a total offense level of 26. However, because he had three prior violent felony convictions, Hill qualified as an armed career criminal and was assigned an offense level of 34. See 18 U.S.C. § 924(e), USSG § 4B1.4. Based on a criminal history category of VI, Hill's advisory Guidelines range was determined to be 262–327 months imprisonment. The court imposed a sentence at the bottom of the range; Hill timely appealed.

Hill first argues that the evidence was insufficient to support his conviction because the Government presented no physical evidence linking him to the firearm at issue and three witnesses testified that Hill had not borrowed the shotgun.

4

When a defendant challenges the sufficiency of the evidence supporting the jury's guilty verdict, we view the evidence and all reasonable inferences in favor of the Government and will uphold the jury's verdict if it is supported by substantial evidence. United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. Id.; United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). Appellate reversal on grounds of insufficient evidence "will be confined to cases where the prosecution's failure is clear." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted).

To convict Hill of violating § 922(g), the Government need not produce evidence of actual possession; constructive possession is sufficient. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). The Government may prove constructive possession by demonstrating that the defendant

5

"exercised, or had the power to exercise, dominion and control over the item." Id. at 137 (internal quotation marks omitted).

We find that the evidence was sufficient to establish Hill's constructive possession of the firearm. Miller reported to the 911 operator that she had reason to believe Hill was barricaded in the house and that he had a shotgun; deputies saw the shotgun in plain sight; Hill admitted several times that he had borrowed the shotgun from Miller's brother. Although Hill presented testimony to prove that Miller's son and nephew had borrowed the shotgun, the jury apparently did not believe their testimony. This court does not review the credibility of witnesses and assumes the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Next, Hill argues that his sentence is unreasonable because: (a) the district court relied upon acquitted conduct and unreliable testimony in calculating his offense level, and (b) the court failed to adequately explain the reasons for the chosen sentence.

Hill was charged with two counts of being a felon in possession of a firearm: Count One alleged possession of a 20-gauge shotgun on May 16, 2008; Count Two alleged possession of the shotgun found at his residence on October 25, 2009. The jury acquitted Hill as to Count One. Nevertheless, at

sentencing, the district court held Hill accountable for the firearm charged in Count One and assigned an offense level of 34, not 33, because the firearm was one described in 26 U.S.C. § 5845(a).

A sentencing court may consider uncharged and acquitted conduct in determining a sentence so long as it is proven by a preponderance of the evidence. United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009). Here, the district court found that the testimony presented by the Government as to Count One was credible and proved, by a preponderance of the evidence, that Hill possessed the shotgun on May 16, 2008. We find no error in the district court's conclusion.

Hill also argues that his sentence is unreasonable because the district court failed to adequately explain the chosen sentence. In reviewing a sentence, this court must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must

7

place on the record an 'individualized assessment' based on the particular facts of the case before it.  This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'"  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted)).

Our review of the sentencing transcript discloses that the district court properly considered the relevant § 3553(a) factors and adequately explained the chosen sentence.

Accordingly, we affirm Hill's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED